IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL PAUL JONES, 1089220, § | |
| Petitioner, § | |
| § | No. 3:05-CV-0324-L |
| v.  § | ECF |
| § | |
| DOUGLAS DRETKE, Director, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner was convicted of aggravated assault. *State of Texas v. Michael Paul Jones*, No. F-0101927-PH (Crim. Dist. Ct. No. 1, Dallas County, Tex., Feb. 20, 2002). He was sentenced to twenty-five years confinement. On June 10, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Jones v. State*, No. 05-02-00476-CR (Tex. App. – Dallas, June 10, 2003). Petitioner did not file a petition for discretionary review.

On March 18, 2004, Petitioner filed a state application for writ of habeas corpus. *Ex parte Jones*, Application No. 59,483-01. On August 25, 2004, the Court of Criminal Appeals dismissed the petition because it did not comply with the appellate rules. On September 21, 2004, Petitioner filed a second state habeas petition. *Ex parte Jones*, Application No. 59,483-02.

On January 12, 2005, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On January 27, 2005, Petitioner filed this federal petition. He argues that he received ineffective assistance of counsel because his counsel: (1) failed to object to the jury charge during the guilt/innocence phase; (2) failed to object to improper jury argument; (3) failed to have a command of the law as related to the facts; (4) failed to object to improper questioning of witnesses; (5) failed to prepare for trial; (6) failed to investigate the facts of the case; (7) admitted Petitioner's guilt in the jury argument; (8) failed to object to the prosecutor's improper cross-examination; and (9) failed to call witnesses for the defense.

On April 27, 2005, Respondent filed an answer arguing that the petition is time-barred. On May 31, 2005, Petitioner filed his reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On June 10, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. Petitioner was granted an extension of time, until September 8, 2003, to file a petition for discretionary review ("PDR"). Petitioner, however, failed to file a PDR. His conviction therefore became final on September 8, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 8, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -3-

"properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed because it failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure.[2] It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction), *cert. denied*, 543 U.S. 893(2004); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Since Petitioner's first state habeas applications was not properly filed, it did not statutorily toll the limitations period.

On September 21, 2004, Petitioner filed his second state application for habeas relief. This application was filed after the limitations period expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due by September 8, 2004. He did not file his federal petition until January 27, 2005. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional

---

[2]Rule 73.2 states:
> The Clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

Tex. R. App. P. 73.2.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -4-

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling for the time his improperly filed state habeas application was pending.  He states the trial court accepted the application and issued findings of fact and conclusions of law.  He also did not learn of the deficiency until his application was rejected by the Court of Criminal Appeals and returned to him.

The Fifth Circuit Court of Appeals, however, has rejected similar arguments.  In *Edwards*, the petitioner sought tolling credit for the pendency of a state habeas application that was dismissed by the Court of Criminal Appeals for lack of compliance with Rule 73.2 of the Texas Rules of Appellate Procedure.[3]  *Edwards*, 116 Fed. Appx. at 471.  The petitioner argued he was entitled to equitable tolling because he did not have notice of his noncompliance with the appellate rules until the Court of Criminal Appeals rejected his petition.  The Fifth Circuit found the petitioner's claims insufficient to support equitable tolling.  The Court stated that the petitioner "failed to allege circumstances warranting equitable tolling from the time he initially

---

[3]The application failed to comply with Rule 73.2 because it failed to set forth the grounds for relief on the 11.07 form rather than by a separate memorandum.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

filed his state habeas application to the time that application was returned to him for noncompliance." *Id*. (citing *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) and *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Although *Edwards* is an unpublished opinion and is not precedent, it is instructive. In this case, Petitioner also claims he is entitled to equitable tolling because he did not receive notice that his state application was not in compliance until the Court of Criminal Appeals rejected the application. These facts fail to establish extraordinary circumstances warranting equitable tolling.

**<u>RECOMMENDATION</u>**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 11th day of July, 2006.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).